UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIM D. FULLMER et al., ) | |
| ) Plaintiffs, ) | |
| ) vs. ) | 2:09-cv-01442-RCJ-PAL |
| ) ANITA BROWN et al., ) | ORDER |
| ) Defendants. ) | |

This case arises out of the neglect and abuse of minor children placed in foster care. Pending before the Court are two motions for entry of default against Defendant Alvin Carter and two motions for default judgment against Defendants Bernadette Brown and Bobby Jones, respectively. For the reasons given herein, the Court enters default against Carter and enters default judgment against Carter, Brown, and Jones in the amount of $300,000 against each of these three Defendants.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff Tim D. Fullmer is the father of three minor children who were placed into foster care with Defendant Anita Brown by Defendant Clark County. During their care with Brown, the children were allegedly beaten, sexually abused, and otherwise neglected by Brown and others. Plaintiff sued Defendants for constitutional violations under 42 U.S.C. § 1983 and state law torts in state court on behalf of his children. Defendants removed. Plaintiff has moved for entry of default against Defendant Alvin Carter, but the Clerk's Office has referred the motion to the Court because

it is not clear whether service on Clark was proper. Plaintiff has obtained entries of default against Defendants Bernadette Brown and Bobby Jones—who are alleged to have participated in the abuse of the children—and has now moved for default judgment against them.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b) permits a court to enter a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)–(2). The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26). Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III. ANALYSIS

### A. The Motions for Entry of Default Against Alvin Carter

Because Plaintiffs have filed an amended motion, (*see* Am. Mot. Entry Clerk's Default, Jul. 9, 2010, ECF No. 69), the first motion for entry of clerk's default against Alvin Carter, (*see* Mot. Entry Clerk's Default, Feb. 10, 2010, ECF No. 49), is moot. The amended motion, however, is ripe. Normally, the Clerk's Office will grant such a motion upon proof of service of a complaint and failure to timely answer. In this case, however, the Clerk's Office referred the amended motion to the Court, because it was unclear whether service upon Carter's nephew was sufficient.

In the present motion, Plaintiffs allege that Carter was served with the Summons and Complaint on October 7, 2009 at his residence located at 100 Martin Luther King, #2033, Las Vegas, NV 89106. Counsel's affidavit indicates that abode service was effected by leaving a copy of the Summons and Complaint with Daryl Dickerson, Carter's nephew, at Carter's residence. (Hauf Aff. ¶ 3, July 7, 2010, ECF No. 69 at 3 ¶ 3). The Proof of Service signed by the process server confirms that he left the Summons and Complaint with "Daryl Dickerson, Defendant's Nephew" at "the individual's residence or usual place of abode." (Proof Service, Oct. 8, 2009, ECF No. 69-1). In Nevada, service of a summons and complaint may be effected "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Nev. R. Civ. P. 4(d)(6). The Nevada Supreme Court does not appear to have had occasion to interpret this rule. Other courts have interpreted "suitable age and discretion residing therein" language, however. For example, the Louisiana Court of Appeals once found service upon a five-year-old child improper, and it noted that before that state adopted the "suitable age" language in 1960, the black-letter rule in Louisiana was sixteen years of age. *See Nationwide Acceptance Co. v. Alexis*, 201 So. 2d 21, 22–23 (La. Ct. App. 1967). Other courts to address the issue have variously found that the rule requires the individual to be anywhere from thirteen to twenty

years of age. *See* 91 A.L.R.3d 827 (1979) (collecting cases). The party on whose behalf service is made has the burden of proving service is proper. *See Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 161 F.3d 314, 319 (5th Cir. 1998) (adopting the relevant part of the district court's opinion in *In re Arbitration Between: Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266 (S.D. Tex. 1997)).

As of the date of the hearing, there was no evidence in the record of Dickerson's age. At the hearing, Plaintiffs claimed that Dickerson was an adult. The Court indicated that if Plaintiffs filed evidence of this, it would enter default against Carter. Plaintiffs have entered into the record an amended proof of service, wherein the process server attests that Dickerson "is over the age of 18." (*See* Am. Proof of Service, Sept. 17, 2010, ECF No. 77). The Court therefore enters default against Alvin Carter.

**B.    The Motions for Default Judgment**

Default having been entered against all Carter, Jones, and Brown, the Court now considers the *Eitel* factors. First, if a default judgment is not granted, Plaintiffs are not likely to be prejudiced. It is unlikely that these Defendants can satisfy the requested judgment. Plaintiffs have also sued the County of Clark and will likely recover any significant amount from that Defendant, if they prevail. Second and third, the claims appear to have merit, and at least two of the claims in the Amended Complaint are sufficiently pled. The claim for negligence alleges that Defendants breached their duty of care in supervising the children when the foster parent, Anita Brown, left the children with them. Plaintiffs allege that Defendants failed to provide a safe environment, resulting in the abuse of the children (by others). The claim for battery alleges that Defendants beat the children, which is sufficient to support a battery claim. The intentional infliction of emotional distress claim consists of a bare-bones recitation of the cause of action; however, when the rest of the complaint is considered as incorporated, the allegations of starving and beating the children support this claim.

Fourth, the sum of money at stake is large: $300,000 against each Defendant for pain and suffering as a result of physical abuse, including beatings with belts, starvation, and imprisonment in a garage.  Plaintiffs also allege pain and suffering as a result of sexual abuse by Carter.  Fifth, there is little possibility of dispute as to material facts.  Defendants have not bothered to answer the Amended Complaint, and there is no contrary evidence in the record.

Sixth, there is no indication of excusable neglect.  Seventh, the policy underlying the Federal Rules of Civil Procedure always favors decisions on the merits.  On balance, a default judgment is warranted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Entry of Clerk's Default (ECF No. 49) is DENIED as moot, and the Amended Motion for Entry of Clerk's Default (ECF No. 69) is GRANTED.  Default is entered against Alvin Carter.

IT IS FURTHER ORDERED that the Motions for Default Judgment (ECF Nos. 67, 68) are GRANTED, as is the oral motion for default judgment against Alvin Carter.  Default judgment is entered against Alvin Carter, Bernadette Brown, and Bobby Jones in the amount of $300,000 apiece.  The Court retains jurisdiction to divide any amounts collected between Plaintiffs.

DATED: This 28th day of September, 2010.

_____
ROBERT C. JONES
United States District Court