1
2
3
4
5
6                       UNITED STATES DISTRICT COURT
7                            DISTRICT OF NEVADA
8                                   * * *
9   TIM D. FULLMER, et al.,                Case No. 2:09-cv-01442-MMD -PAL
10
                       Plaintiffs,
11       v.                                             ORDER
12  ANITA BROWN, et al.,                   (Plf.'s Motion for Attorney Fees – dkt. no.
                                                            122).
13                     Defendant.
14

15

16  **I.     SUMMARY**

17        Before the Court is Plaintiff's Motion for Attorney Fees.  (Dkt. no. 122.)  The Court

18  has also considered Defendant's Opposition and Plaintiff's Reply.    For reasons

19  discussed below, the Motion is granted in part and denied in part.

20  **II.    BACKGROUND**

21        This case arises out of the alleged neglect and abuse suffered by Ti'mia, Ti'mar,

22  and Timothy Fulmer ("Fullmer Children") while residing at Anita Brown's home.  In March

23  of 2004, Clark County removed the Fullmer children from the custody, care, and control

24  of their parents, Tim and Tanya Fullmer.   The Fullmer Children were placed in the

25  custody of Defendant Clark County.   Around March 2004, Clark County placed the

26  Fullmer children in the care, custody, and control of Defendant Anita Brown.  During the

27  course of the Fullmer Children's stay with Defendant Anita Brown, the Fullmer Children

28  were allegedly neglected and abused.

After more than two years of litigation, Plaintiff reached a settlement with Defendants Clark County, Felicia Tucker, Amy Jaffe, and Susan Rothschild (collectively "Clark County"). On December 7, 2011, this Court approved the settlement. (Dkt. no. 120.)

According to the terms of the settlement, Clark County would pay the Fullmer Children $150,000 to settle their claims. The parties agreed Plaintiff's attorney fees and costs would be paid separately from the Fullmer Children's settlement. The parties agreed that Plaintiff's attorney fees should be awarded in a sum not less than $40,000 or more than $60,000, subject to the Court's discretion. Additionally, the parties agreed that documented costs up to $17,000 would be paid directly by Clark County.

Plaintiff asks this Court to award attorney's fees in the amount of $60,000 and costs in the amount of $17,000.

III.   **DISCUSSION**

   A.   **Attorney's Fees**

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the Court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

2

1    *Kerr*, 526 F.2d at 70.  Factors one through five are subsumed in the lodestar calculation.

2    *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  Further, the

3    sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar

4    calculation.  *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992),

5    *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the

6    "lodestar" is presumptively reasonable.  *See Pennsylvania v. Delaware Valley Citizens'*

7    *Council for Clean Air*, 483 U.S. 711, 728 (1987).  Finally, only in "rare and exceptional

8    cases" should a court adjust the lodestar figure.  *Van Gerwen v. Guarantee Mut. Life*

9    *Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).  *See also Fischer*,

10   214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and

11   exceptional cases).

12                          **1.      Reasonable Hourly Rate**

13         Courts consider the experience, skill, and reputation of the attorney requesting

14   fees when determining the reasonableness of an hourly rate.  *Webb v. Ada County*, 285

15   F.3d 829, 840 & n.6 (9th Cir. 2002).  A reasonable hourly rate should reflect the

16   prevailing market rates of attorneys practicing in the forum community for "similar

17   services by lawyers of reasonably comparable skill, experience and reputation."  *See id.*;

18   *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  To inform and assist the

19   court in the exercise of its discretion, "[t]he party seeking an award of fees should submit

20   evidence supporting the . . . rates claimed."  *Hensley v. Eckerhart*, 461 U.S. 424, 433

21   (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).  A

22   rate determined through affidavits is normally deemed to be reasonable.  *Blum*, 465 U.S.

23   895-96 n.11.

24         Plaintiff requests reimbursement of attorney's fees at $350 an hour for Attorney

25   Marjorie Hauf's time based on her experience as a partner at Ganz & Hauf.  Plaintiff

26   offers the affidavits of three Las Vegas attorneys as evidence that the following rates

27   charged are reasonable in the Las Vegas legal community: $350 for Partners, $250 for

28   Associates, $150 for Law Clerks, and $90 for support staff.  Clark County does not

1   present any competing affidavits.  Instead, Clark County argues that Hauf's 2004 and
2   2005 rate when she was an associate, approved by the Ninth Circuit in *Lytle v. Carl*, 382
3   F.3d 978 (9th Cir. 2004), is still reasonable today especially when considering the
4   economic decline.  The Court disagrees.

5           Based on the general increase in fees over time, Hauf's experience and normal
6   hourly rate, and the nature of this case, an increase in Hauf's fees is warranted.  Hauf is
7   no longer an associate and has an additional seven years of experience.   As is
8   evidenced by the extensive record, Hauf expended a significant amount of time and
9   labor during the litigation.   Hauf has expertise and experience with child abuse and
10  neglect cases.  The amount of time and labor required to adequately litigate this matter
11  precluded Hauf from accepting other employment.  Clark County does not contest any of
12  these facts and all these facts support an increase in Hauf's rate and fees.

13          Further, economic decline would affect the market rate, not an individual
14  attorney's rate.  Absent any competing evidence, the Court finds the prevailing rate in
15  the Las Vegas legal community presented by Plaintiff's three affidavits to be reasonable.
16  Thus, an hourly rate of $350 for Hauf is reasonable.

17                      **2.      Reasonable Hours Expended**

18          In addition to evidence supporting the rates claimed, "[t]he party seeking an award
19  of fees should submit evidence supporting the hours worked."  *Hensley*, 461 U.S. at 433;
20  *see also Jordan*, 815 F.2d at 1263.   "Where the documentation of hours is inadequate,
21  the district court may reduce the award accordingly."  *Hensley*, 461 U.S. at 433.   "The
22  district court also should exclude from this initial fee calculation hours that were 'not
23  reasonably expended'."  *Hensley*, 461 U.S. at 433-34 (citation omitted).  "In other words,
24  the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours
25  claimed to have been spent on the case."  *Edwards v. Nat'l Business Factors, Inc.*, 897
26  F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*,
27  987 F.2d 1392, 1399 (9th Cir. 1992).
28  ///

4

1    The parties agree that Attorney Hauf has personally spent 197.5 hours working on

2    the case.  After reviewing Plaintiffs' attached Exhibits 2 and 3, the Court agrees and

3    finds that Plaintiffs' calculation of 197.5 hours of attorney labor is a reasonable amount

4    of time spent on this litigation.

5    The reasonable fee of $350 per hour multiplied by 197.5 hours of reasonably

6    expended time equals a lodestar of $69,125.  Defendants do not argue for a downward

7    adjustment under *Kerr*.  As the parties have agreed to a $60,000 cap on attorney's fees

8    and the lodestar is above the cap amount, this Court need not consider the *Kerr* factors

9    to determine what amount, if any, the lodestar should be adjusted upward.  The Court

10   grants fees in the amount of $60,000 to Plaintiff.

11   **B.    Costs**

12   In the Settlement Agreement, the parties agreed that Clark County would

13   reimburse Plaintiff's counsel up to $17,000 for costs.  The costs provision requires

14   Plaintiff to submit supporting documentation of the costs to Clark County. Clark County

15   agrees that most of Plaintiff's documented costs are reasonable and reimbursable. The

16   total amount claimed is $17,177.15. Plaintiff has agreed to withdraw $876.60 worth of

17   scanning charges.  (Dkt. no. 127, Ex.1).   This brings the new amount claimed to

18   $16,300.55. Of this amount, the parties agree upon $9,143.33 of the reimbursable costs.

19   Clark County contends that other items, totaling $7,157.22, lack documentation or are

20   questionable. The parties have been working to come to an agreement as to the

21   disputed costs. (Dkt. no. 127, Ex.1.)  Accordingly, the Court denies Plaintiff's Motion as

22   it relates to costs pending additional information as to the progress of the parties'

23   negotiations.

24   **III.    CONCLUSION**

25   IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees is

26   GRANTED in part and DENIED in part.

27   IT IS FURTHER ORDERED that the parties file a joint status report on or before

28   October 15, 2012, as to any remaining cost issues that need to be addressed.  The

5

parties should indicate: (1) the progress or success of negotiations; (2) what costs, if any, remain disputed, and (3) if disputed, what evidence or information the Court should consider to support a finding for either side.

DATED THIS 1st day of October 2012.

_____
UNITED STATES DISTRICT JUDGE